UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SCOTT W., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:18-cv-00325-JAW |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) | |
| | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has a severe impairment in his left shoulder, but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

**THE ADMINISTRATIVE FINDINGS**

The Commissioner's final decision is the October 24, 2017 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 7-2.)[1] The ALJ's decision tracks the

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has a severe, but non-listing-level impairment of left shoulder degenerative joint disease. (ALJ Decision ¶¶ 3-4, R. 19-20.) Given this impairment, the ALJ concluded Plaintiff has the residual functional capacity (RFC) to perform medium-exertion work, including occasional overhead reaching with his left upper extremity. (*Id.* ¶ 5, R. 20.) A vocational expert testified the limitation would not prevent Plaintiff from performing past relevant work as a store laborer. The ALJ accepted the vocational expert's testimony and at step 4 of the sequential evaluation process found that Plaintiff was not disabled. (*Id.* ¶¶ 6-7, R. 24-25.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff contends the ALJ erred when he weighed the opinion evidence and Plaintiff's subjective report of symptoms. (Statement of Errors at 8-16.) Plaintiff also argues remand is required because the ALJ was not authorized to decide the matter. (*Id.* at 5-8.)

Plaintiff's sole impairment is a left (non-dominant) shoulder impairment. Plaintiff contends the ALJ erroneously concluded that Plaintiff can use his left arm to reach occasionally overhead. Plaintiff argues the weight of the opinion evidence required the ALJ to find that work with the left arm above shoulder height is precluded.

In December 2011, Plaintiff dislocated his left shoulder as the result of a workplace incident. Plaintiff subsequently treated with John Padavano, D.O., who in March 2012 performed an open left rotator cuff repair (an MRI revealed a partial thickness tear of the supraspinatus). (Ex. 3F, R. 288-89.) In a June 2012 practitioner's report submitted to the Maine Workers' Compensation Board, Dr. Padavano stated that Plaintiff, who was then 53 years of age, could no longer perform overhead work. (Ex. 9F, R. 455.) In a December 2012 progress note, Jeanne Scheddel, D.O., found that Plaintiff had a permanent "no overhead" restriction, but could lift 50 pounds to shoulder height. (Ex. 10F, R. 466-67.) Dr. Scheddel's practice released Plaintiff from its care on December 31, 2012. (*Id.*, R. 468.)

In January 2013, John Herzog, D.O., who performed an independent medical examination of Plaintiff in connection with workers' compensation proceedings, reported that Plaintiff expressed some problems with overhead lifting, but stated that he had

3

regained some of his strength and had full range of motion. (Ex. 3F, R. 289.) In his assessment of Plaintiff's work capacity, Dr. Herzog wrote that he agreed with Dr. Scheddel's limitation on Plaintiff's overhead lifting capacity to 50 pounds. (R. 290.) In fact, Dr. Scheddel determined that Plaintiff could not perform overhead lifting.

Dr. Herzog performed a second examination in July 2013. (Ex. 11F.) During the physical examination, Plaintiff reported his condition had worsened and that he experienced steady pain in his left shoulder. (R. 532.) Dr. Herzog noted that he heard a "click" in the shoulder during passive abduction beyond 100 degrees, and that Plaintiff would "wince" and reported "that is the thing that bothers him the most." (*Id.*) Dr. Herzog assessed that Plaintiff had reached maximum medical improvement, "that being lifting no more than 50 pounds overhead and no more than 70 pounds to the waist." (R. 533.)

In June 2016, Ira Stockwell, D.O., conducted a physical examination for Disability Determination Services. (Ex. 4F.) Dr. Stockwell found that "muscle bulk and tone" of Plaintiff's upper extremities were "comparable and equal bilaterally." (R. 295.) Dr. Stockwell additionally found that "deltoid girth is normal bilaterally suggesting no disuse atrophy of the left shoulder." (R. 296.) Nevertheless, Dr. Stockwell observed what he regarded as dysfunction (extreme discomfort) beyond 30 to 45 degrees abduction. (*Id.*) In his source statement, Dr. Stockwell assessed a left upper extremity lifting restriction to 30 degrees. (R. 297.)

In August 2016, Arvind Chopra, M.D. assessed Plaintiff's RFC in connection with Defendant's reconsideration of Plaintiff's disability claim. Dr. Chopra wrote that "[b]ased on [medical evidence] currently in file, [the physical residual functional capacity

4

assessment] signed by Katherine Lapierre, SDM, dated 06/30/16 is reasonable and reaffirmed as written." (Ex. 3A., R. 68.) In her report, Ms. Lapierre wrote that she attributed "great weight" to the opinions of Drs. Padavano, Herzog, and Stockwell. (R. 66.) The opinions, however, were not in accord as to Plaintiff's ability to perform overhead lifting. Ms. Lapierre also wrote that "Orthopedic specialists," a reference to Dr. Herzog's opinion, would have the "most weight" because it is the opinion of the treating source. (*Id.*) Dr. Herzog was not a treating source. Instead, the treating source was Dr. Padavano, who ruled out overhead work.

The ALJ gave great weight to the opinions of Drs. Herzog and Chopra and only some weight to the opinions found in the reports of Drs. Padavano, Scheddel, and Stockwell. The ALJ concluded the opinions of Drs. Padavano, Scheddel and Stockwell were less consistent with the medical evidence. (R. 22-23.) The ALJ also theorized that when Drs. Padavano and Scheddel precluded overhead work, they meant only to impose a temporary work restriction, and that Dr. Stockwell relied too much on Plaintiff's subjective report of pain symptoms rather than objective evidence when he assessed a left arm restriction to 30 degrees abduction. (R. 23.)

According to the applicable regulations, the Social Security Administration ordinarily will "give more weight" to opinions provided by treating sources than to opinions offered by non-treating sources. 20 C.F.R. § 404.1527(c)(2). In particular, "controlling weight" is given to "a treating source's medical opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s)" if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent

5

with the other substantial evidence in [the claimant's] case record." *Id.*

Although the ALJ "is entitled – indeed, directed – to resolve conflicts in the medical evidence," *Brown v. Astrue*, No. 10-27, 2010 WL 5261004, at *3 (D. Me. Dec. 16, 2010), Dr. Herzog's opinion is based at least in part on the mistaken belief that Plaintiff's treating physician assessed a capacity for overhead lifting up to 50 pounds. Furthermore, Dr. Chopra did not acknowledge or account for Dr. Herzog's mistaken assessment of the record, and, in adopting the report of Ms. Lapierre "as written" (R. 68), Dr. Chopra adopted Ms. Lapierre's erroneous finding that Dr. Herzog was the treating provider whose opinion was entitled to the most weight.

An assessment of the expert opinions reveals, therefore, that the medical opinions upon which the ALJ placed great weight to support his RCF finding that Plaintiff can lift up to 50 pounds overhead and occasionally reach overhead with his left arm were based in part on erroneous findings. The experts' errors are not harmless. That is, because the bases of the opinions are not supported by the record, the opinions are not reliable. Given that the record also includes the opinion of Plaintiff's treating physician that Plaintiff cannot perform any overhead work, the ALJ's decision is not supported by substantial evidence on the record.[2] Remand, therefore, is warranted.[3]

---

[2] To the extent the ALJ purported to rely on other evidence to support his weighing of the expert opinion evidence and the medical evidence of record, I am not persuaded that Plaintiff's ability to cook, grill, vacuum, wash dishes, mow the lawn, drive, shop in stores, and work part time as a cashier at Home Depot (R. 22) contradict Plaintiff's subjective report that he cannot perform overhead lifting with his left arm.

[3] Because the ALJ found Plaintiff not disabled at step four, based on an unsupported finding that Plaintiff can return to past relevant work as a store laborer, which work requires lifting overhead on an occasional basis, the analysis would ordinarily proceed to step five, at which step the burden shifts to Defendant to establish that there is other work existing in substantial numbers that Plaintiff can perform. *Bowen v.*

6

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.[4]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of April, 2019.

---

*Yuckert*, 482 U.S. 137, 146 n.5 (1987). Because Defendant has not made a step five finding or showing, remand is appropriate. *Seavey v. Barnhart*, 276 F.3d 1 (1st Cir. 2001).

[4] As referenced above, Plaintiff also challenged the ALJ's appointment and thus the ALJ's authority to adjudicate Plaintiff's claim. While Plaintiff cited some authority to support his challenge, there is also considerable contrary authority. *See Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018); *NLRB v. RELCO Locomotives, Inc.*, 734 F.3d 764, 798 (8th Cir. 2013) (holding party waived Appointments Clause challenge by failing to raise the issue before the agency); *In re DBC*, 545 F.3d 1373, 1378 (Fed. Cir. 2008) (same); *Turner Bros., Inc. v. Conley*, No. 17-9545, 2018 WL 6523096, at *1 (10th Cir. Dec. 11, 2018) (unpublished); *Axley v. Comm'r, Soc. Sec. Admin.*, No. 1:18-CV-1106, 2019 WL 489998, at *1 (W.D. Tenn. Feb. 7, 2019); *Weatherman v. Berryhill*, No. 5:18-CV-00045, 2018 WL 6492957, at *4 (W.D.N.C. Dec. 10, 2018); *Pearson v. Berryhill*, No. 17-CV-4031, 2018 WL 6436092, at *3 (D. Kan. Dec. 7, 2018) (collecting cases); *Flood v. Berryhill*, No. 17-CV-0862, 2018 WL 4677446, at *3 n.2 (C.D. Cal. Sept. 27, 2018). Because I have determined that remand is warranted based on the merits of Plaintiff's substantive arguments, I have not addressed Plaintiff's constitutional challenge to the ALJ's appointment. *See Vaqueria Tres Monjitas, Inc. v. Pagan*, 748 F.3d 21, 26 (1st Cir. 2014) ("federal courts are not to reach constitutional issues where alternative grounds for resolution are available" (quoting *Am. Civil Liberties Union v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 52 (1st Cir. 2013)).